[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 24, 2003
THOMAS K. KAHN
CLERK

No. 02-11783

D.C. Docket No. 01-00263-CR-J-21-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK LEWIS WILLIAMS,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

(June 24, 2003)

Before MARCUS and WILSON, Circuit Judges, and RESTANI[*], Judge.

RESTANI, Judge:

This is an appeal from a final judgment in a criminal case. Defendant challenges his sentence of a ten-year minimum mandatory term under 18 U.S.C. § 924(c)(1) based on his codefendant's use or discharge of a semiautomatic assault weapon. We affirm the judgment of the district court.

## FACTS[1]

The Putnam County Federal Credit Union, located at 112 Summit Street in Crescent City, Florida, is a federally insured financial institution. On the morning of March 29, 2001, the appellant, Derrick Lewis Williams and three others, Cleveland Deartron Snider, Veonte Latrone Simmons, and Daniel Dextron Addison, planned to commit an armed robbery of the credit union. The plan was for Williams, Addison, and Simmons to rob the credit union, and for Snider to wait for them at another location in a second vehicle.

Williams, Addison, and Simmons disguised themselves with masks and gloves. Williams was armed with a 9mm handgun, and Addison was armed with an "AK-47" style semiautomatic assault rifle. The three men arrived at the Putnam

---

[*] Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

[1] This factual statement is adapted from Williams's appellate brief.

2

County Federal Credit Union at about 9:45 a.m. Williams and Addison carried their firearms into the credit union. Williams then held the tellers at gunpoint, with his 9mm handgun, while Addison and Simmons emptied the teller drawers. Williams, Addison, and Simmons left the credit union with cash totaling more than $11,000. Immediately after leaving the front door of the credit union, Addison accidently fired a shot from the assault rifle into the sidewalk.

Williams, Addison, and Simmons left the scene of the credit union. Later, Williams, Addison, Simmons and Snider regrouped and split the proceeds of the credit union robbery amongst themselves.

On September 20, 2001, a federal grand jury in the United States District Court for the Middle District of Florida, Jacksonville Division indicted Williams on two counts: (1) armed credit union robbery (Count I); and (2) use of and carrying a handgun during the commission of the substantive crime itself, as well as aiding and abetting the same (Count II).

On December 19, 2001, Williams pled guilty to the charges in the Indictment. The district court accepted the guilty plea, and Williams was sentenced on March 26, 2002. The court sentenced defendant to forty-four (44) months as to Count I, and one hundred twenty (120) months as to Count II, to run consecutive to Count I, inter alia. Defendant timely objected to the enhanced

penalties under 18 U.S.C. § 924 (c)(1). The appellant is currently serving the aforementioned sentence.

There is no challenge to the conviction, and the parties agree that, absent the enhancement based on the codefendant's conduct, a minimum mandatory seven-year sentence as to Count II would have been appropriate based on Williams's brandishment of a firearm. 18 U.S.C. § 924 (c)(1) reads in relevant part as follows:

(c)(1)(A)   Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime -

(i)     be sentenced to a term of imprisonment of not less than five (5) years;

(ii)    if the firearm is brandished, be sentenced to a term of imprisonment of no less than seven (7) years; and

(iii)   if the firearm is discharged, be sentenced to a term of imprisonment of not less than ten (10) years.

(B)  If the firearm possessed by a person convicted of a violation of this subsection -

> (i)     is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than ten (10) years; or
>
> (ii)     is a machine gun or destructive or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than thirty (30) years.

Id. (emphasis added).

Thus, the ten-year minimum mandatory sentence applies to Williams' conduct under Count II, if he may be held accountable for Addison's use of a semiautomatic assault weapon or Addison's discharge of the weapon. As the indictment did not mention the assault rifle, there are two issues to be addressed. First, is the indictment fatally flawed? Second, if not, may Williams be sentenced under the terms of § 924(c)(1) for the conduct of Addison?

We begin with the indictment. It states that Williams did "aid and abet the using and carrying of a firearm, that is, a <u>handgun</u>."[2] The indictment was in error. While Williams was properly charged with using and carrying a handgun, his codefendant carried the AK-47 rifle. Thus, Williams should have been additionally charged with aiding and abetting such conduct, not the handgun

---

[2] The parties agree that the 9 mm semiautomatic handgun carried by Williams is not a semiautomatic assault weapon within the meaning of 18 U.S.C. § 924(c)(1).

5

conduct.

The indictment would also have been correct, however, if no mention had been made of the handgun, and the generic term "firearm" had been used throughout. The United States Supreme Court has recently made clear that 18 U.S.C. § 924(c)(1)(A) does not specify elements of a crime which must be charged in an indictment. Harris v. United States, 536 U.S. 545, 552-56 (2002) (defendant sentenced to seven-year minimum for brandishment, for which he was not indicted or tried.); accord, United States v. Pounds, 230 F.3d 1317, 1319 (11th Cir. 2000) (finding that § 924(c)(1)(A) merely singles out subsets of persons for more severe punishment); United States v. Carlson, 217 F.3d 986, 987-89 (8th Cir. 2000) (same). Therefore, the word "handgun" in the indictment was mere surplusage. See United States v. Cancelliere, 69 F.3d 1116, 1121 (11th Cir. 1996) ("[M]ere surplusage may be deleted from an indictment without error. . .[;] '[a] part of an indictment unnecessary to and independent from the allegations of the offense proved may normally be treated as a useless averment that may be ignored'[;] [and] [i]t is not an unconstitutional amendment to 'drop from an indictment those allegations that are unnecessary to an offense that is clearly contained within it . . . .'") (quoting United States v. Miller, 471 U.S. 130, 136, 144 (1985)). The importance of this distinction is that "an amendment is per se reversible error,

6

while a variance requires the defendant to show that his rights were substantially prejudiced by the variance in order to be entitled to a reversal." United States v. Keller, 916 F.2d 628, 633 (11th Cir. 1990) (citing United States v. Figueroa, 666 F.2d 1375, 1379 (11th Cir. 1982)).

While it appears that in view of Harris, defendant does not argue a per se reversible error, he also does not appear to argue that the error somehow misled him, so that he was substantially prejudiced by the error.[3]  That would be a difficult argument to make under the facts of this case.  The plea colloquy makes clear that defendant acknowledged that he and Addison used firearms during a robbery, and that Addison used or discharged[4] a semiautomatic assault weapon, and that he and Addison aided and abetted each other in a joint armed robbery of the credit union.  Nothing in the record suggests that defendant was in any way disadvantaged by the inclusion of the surplus language in the indictment.  This leaves only the issue of the proper interpretation of 18 U.S.C. § 924(c)(1).

---

[3] Williams does not seek to withdraw his guilty plea for any reason, including misapprehension of sentencing ramifications.

[4] The circumstances surrounding the discharge of the rifle are not important as the mere use of such a weapon results in the same ten-year minimum assault under § 924(c)(1)(B). Defendant makes no argument that § 924(c)(1)(B) specifies elements of a crime, any more than § 924(c)(1)(A) does. See Harrison v. United States, 272 F.3d 220, 226 (4th Cir. 2001) (holding that whether a gun is classified as a semi-automatic assault weapon is a sentencing factor that need not be alleged in the indictment.).

Defendant argues that 18 U.S.C. § 924(c)(1) was intended to apply only to direct conduct of defendants and not to conduct they aid or abet. While defendant argues by analogy to certain cases applying the United States Sentencing Guidelines, this is not a Guideline issue, rather the statute provides the only basis for the mandatory minimum sentence.

The applicable legal principle is that a person who "aids, abets, counsels, commands, induces or procures" the commission of an offense "is punishable as a principal." 18 U.S.C. § 2; see also United States v. Bazemore, 138 F.3d 947, 949 (11th Cir. 1998). Under §2, the acts of the principal become those of the aider and abettor as a matter of law. Pereira v. United States, 347 U.S. 1, 10-11 (1954). To prove aiding and abetting a § 924(c) offense, the government must show that the substantive offense of carrying or using a firearm in relation to a crime of violence was committed, that the defendant associated himself with the criminal venture, and that he committed some act that furthered the crime. United States v. Hamblin, 911 F.2d 551, 557 (11th Cir. 1990) (citing United States v. Pareja, 876 F.2d 1567, 1570 (11th Cir. 1989)).

Here, defendant clearly associated himself with the use of the AK-47 assault rifle. He did all but carry it himself. In finding the provisions of § 924(c)(1) applicable to Williams, we are persuaded by the holding of our sister circuit in

8

United States v. Simpson, 979 F.2d 1282, 1286 (8th Cir. 1992). Simpson was charged with aiding and abetting a bank robbery and with aiding and abetting a § 924(c) firearms charge. Although she drove the getaway car and did not enter the bank, the court upheld a mandatory minimum sentence based on her codefendant's firearms conduct. Simpson relies in part on dicta in Busic v. United States, 446 U.S. 398 (1980), superceded by statute as stated in United States v. Gonzalez, 520 U.S. 1, 10 (1997). In that case, Busic was found guilty of aiding and abetting in the armed assault of a federal officer, punishable under 18 U.S.C. § 111, even though Busic himself was not armed. The Court reasoned that, pursuant to 18 U.S.C. § 2, the gun "became Busic's as a matter of law." 446 U.S. at 410-11. The court added that, if the codefendant were punishable under § 924(c), which did not then apply to the circumstances of Busic's case, "Busic, too would have been guilty of that crime as an aider and abettor." 446 U.S. at 411 n.17.

It follows that because Williams would be liable for the conduct he aided and abetted, even if he did not carry a gun, he is accountable for the entirety of the conduct. Congress clearly intended to discourage use of assault weapons. As an aider and abettor, Williams, in essence, possessed the assault rifle.

We find nothing in the language of § 924(c)(1) indicating that Congress intended to vitiate ordinary principles of aiding and abetting liability for purposes

9

of sentencing under that subsection.  Accordingly, we find that the district court properly interpreted and applied 18 U.S.C. § 924(c)(1) to require defendant to serve a mandatory minimum ten-year sentence on Count II of the indictment.

AFFIRMED.