[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10875
Non-Argument Calendar

_____

D. C. Docket No. 06-00259-CR-T-24-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY LEE BOSTON,
a.k.a. McArthur Jimmy Lee Boston,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 4, 2007)**

Before BIRCH, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Jimmy Lee Boston appeals his convictions for knowingly possessing a

firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1), and knowingly possessing a firearm from which the manufacturer's serial number had been removed, in violation of 18 §§ 922(k), 924(a)(1)(B). Boston raises two contentions on appeal.

## I.

Boston first contends that the district court abused its discretion in denying his motion in limine to exclude evidence that he used the firearm in question during an incident two months before the arrest that led to the firearm possession charges. He argues that although the same firearm was allegedly in his possession two months before his arrest, evidence of his earlier possession was improperly admitted because it is inadmissible under Federal Rule of Evidence 404(b), it is not otherwise admissible as extrinsic evidence, and its prejudicial effect substantially outweighs its probative value.

We review the district court's evidentiary rulings for an abuse of discretion. United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006), cert. denied, 127 S. Ct. 1305 (2007). "[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) (citation omitted).

2

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b). For evidence of another crime or extrinsic act to be admissible under Rule 404(b): (1) it must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act in question; and (3) its probative value cannot be substantially outweighed by the danger of unfair prejudice. United States v. Chavez, 204 F.3d 1305, 1317 (11th Cir. 2000). Whether the probative value is substantially outweighed by unfair prejudice is a "determination [that] lies within the discretion of the district court and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." United States v. Perez, 443 F.3d 772, 780 (11th Cir. 2006) (citation and quotation marks omitted).

Not all evidence of other acts or crimes, however, falls within the ambit of Rule 404(b). In United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007),

3

we explained that:

> [E]vidence of criminal activity other than the charged offense is not extrinsic under Rule 404(b), and thus falls outside the scope of the Rule, when it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense. Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive[,] and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury. . . . [E]vidence of criminal activity other than the charged offense, whether inside or outside the scope of Rule 404(b), must still satisfy the requirements of Rule 403.

Id. (citations, quotation marks, and emphasis omitted) (second alteration in original).

Here, we need not decide whether the evidence regarding the previous shooting would be admissible under Rule 404(b) because, consistent with the rule set forth in Edouard, it is not extrinsic for Rule 404(b) purposes. The evidence presented at trial completed the story of the crime. It explained the context and set-up of the crime because it showed why Boston would be in possession of the firearm when he was arrested—because it either belonged to him or he had previously used it. Evidence that Boston used or possessed the same firearm two months before his arrest in this case is evidence from which a jury could conclude that he knowingly possessed the firearm at the time of his arrest. Accordingly, we

4

are not persuaded that the district court abused its discretion in Boston's motion to exclude that evidence.

We also conclude that the district court did not abuse its discretion in finding that the probative value of the evidence of Boston's previous firearm possession outweighed its prejudicial effect. Under Rule 403, a district court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R. Evid. 403. Exclusion under "Rule 403 is an extraordinary remedy[,] which should be used only sparingly." United States v. Smith, 459 F.3d 1276, 1295 (11th Cir. 2006) (citations and quotations omitted) (alteration in original), cert. denied, 127 S. Ct. 990 (2007). The balance "should be struck in favor of admissibility." Id.

Here, the evidence of the previous shooting was certainly prejudicial—the witness who testified to Boston's previous possession and use of the firearm at issue in this case painted a grim picture. She testified that Boston was drunk, talked about purchasing cocaine, and fired several shots in a house crowded with people, including two children. Despite the prejudicial nature of that evidence, it was also highly probative. The witness' testimony, coupled with the shell casings recovered from the scene of the earlier shooting, showed that Boston possessed and used the gun two months before the arrest that ultimately led to the possession

charges. Given Boston's assertion in his statement to the ATF agent that the firearm did not belong to him, that evidence was especially probative.

Rule 403 requires the district court to balance the prejudicial effect of evidence against its probative value. Only where the danger of prejudice substantially outweighs the evidence's probative value should the district court exclude the evidence. Here, the district court did not abuse its discretion in deciding that the balance favored admitting the evidence of Boston's previous use and possession of the firearm.

## II.

Boston also contends that district court erred in admitting statements he made during a custodial interview with an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives. He argues that the ATF agent's failure to record the interview and his waiver of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966), violates his privilege against self-incrimination, his right to counsel, and his due process right to a fair trial. Boston concedes that there is no basis for his contention in any decision of this Court, but asserts that requiring law enforcement agents to record custodial interrogations would protect the constitutional rights of individuals who make statements while in custody. Specifically, he argues that recording statements ensures that a criminal

defendant's words are accurately presented at trial and that recording a defendant's waiver of his <u>Miranda</u> rights provides an additional guarantee that the waiver was made voluntarily and intelligently.  To bolster his position he points to state exclusionary rules, imposed either by judicial decision or legislative act, that require recording statements made during custodial interrogations.  <u>See, e.g.</u>, 725 Ill. Comp. Stat. 5/103-2.1 (2007); Tex. Code Crim. Proc. Ann. art. 38.22 § 3 (2007); <u>Minnesota v. Scales</u>, 518 N.W.2d 587, 591 (Minn. 1994); <u>Stephan v. Alaska</u>, 711 P.2d 1156, 1162 (Alaska 1985).

Although a rule requiring the government to record statements made during custodial interrogations might be sound policy, we agree with other circuits that have concluded that the Constitution does not require us to adopt such a rule.  <u>See, e.g.</u>, <u>United States v. Tykarsky</u>, 446 F.3d 458, 477 (3d Cir. 2006) ("Whatever the merits of the policy arguments in favor of requiring the recording of interrogations may be, it is clear that such recording is not mandated by the United States Constitution."); <u>United States v. Williams</u>, 429 F.3d 767, 772 (8th Cir. 2005) ("[The defendant] wants this Court to determine that the police failure to utilize a written waiver form and tape-recording equipment was a bad faith denial of his Fifth Amendment rights, and asks that we fashion a rule mandating their use in formal interrogation settings.  We decline to do so.  While several states have so

legislated, there is no indication that such laws are constitutionally required.");

United States v. Montgomery, 390 F.3d 1013, 1017 (7th Cir. 2004) ("[N]o one has intimated that [state laws requiring the recording of interrogations] were constitutionally required, and we see no hint that the Supreme Court is ready to take such a major step. We therefore decline [the defendant's] invitation to enlarge Miranda so as to require the electronic recording of all interrogations. ").

Accordingly, the district court did not err in admitting the unrecorded statements Boston made to the ATF agent after he voluntarily and intelligently waived his Miranda rights.

**AFFIRMED.**