NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2013
Decided May 10, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2846

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:10-CR-30243-001-WDS |
| | |
| DEVON L. ALEXANDER, | William D. Stiehl, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

On November 6, 2010, Devon Alexander, Kenneth Little, and Floyd Gamble, Jr., robbed a limousine driver at gunpoint at a gas station in Washington Park, Illinois. Alexander handed Little a .38-caliber revolver as they approached the limousine, and Little pointed the gun at the victim. Alexander then pushed the victim up against the car and took $1,000 from his pockets. Alexander was arrested on November 12; the gun from the robbery was in his possession and has an obliterated serial number. He initially denied to a federal agent that he participated in the robbery, but he admitted his involvement a few days later. Alexander was released from custody on November 18 pending further investigation. A warrant for his arrest was issued on November 23, but he was not arrested until January 17, 2012.

Alexander pleaded guilty to interference with commerce by robbery, 18 U.S.C. § 1951(a); possession of a firearm as a felon, *id.* § 922(g)(1); possession of a firearm with an obliterated serial number, *id.* § 922(k); making false statements to a federal agent, *id.* § 1001; and possession of a firearm in furtherance of a crime of violence, *id.* § 924(c). The district court calculated a total offense level of 24 and criminal-history category of II, yielding a guidelines imprisonment range of 141 to 155 months (57 to 71 months for the first four counts, plus a statutory minimum of 84 months to be imposed consecutively for the final count, *see id.* § 924(c)(1)(A)(ii)). The court imposed a total sentence of 144 months. Alexander filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Alexander has not responded to counsel's submission. *See* 7TH CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel advises us that Alexander does not wish to challenge his guilty pleas, so counsel's brief properly omits any discussion about the plea colloquy or the voluntariness of the pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel considers—and properly rejects as frivolous—an argument that the district court erred by not finding Alexander to be a minor participant and rewarding him with a two-level downward adjustment since he did not strike the victim or personally brandish the weapon during the robbery. *See* U.S.S.G. § 3B1.2(b). To qualify for a reduction under § 3B1.2(b), Alexander had to demonstrate that he was "substantially less culpable" than the average participant. *See id.* § 3B1.2 cmt. n.3(A); *United States v. Leiskunas*, 656 F.3d 732, 739 (7th Cir. 2011). But as counsel points out, Alexander stipulated that he handed Little the gun as they approached the victim, pushed the victim, and then took his money. We agree with counsel that the district court did not err by concluding that Alexander was equally culpable. *See United States v. Wang*, 707 F.3d 911, 917 (7th Cir. 2013) (concluding that defendant was not "minor" participant in conspiracy to manufacture phony identification documents because even though he did not realize the full scope of the scheme, he did locate customers, deliver false documents, and collect payments); *United States v. Thi*, 692 F.3d 571, 573–74 (7th Cir. 2012) (concluding that defendant in bank-fraud scheme who stole less than coconspirators was not substantially less culpable since she actively participated in scheme and possessed flash drive with stolen financial information).

Counsel also considers whether Alexander could challenge the district court's finding that he obstructed justice by eluding arrest for 14 months after his release. A sentencing court must apply an upward adjustment under the guidelines if the defendant

"willfully obstructed . . . the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1; *see United States v. Arceo*, 535 F.3d 679, 687 (7th Cir. 2008). And though "avoiding or fleeing from arrest" generally will not warrant this adjustment, *see* U.S.S.G. § 3C1.1 cmt. n.5(D), "we distinguish between panicked, instinctive flight, which does not warrant the adjustment, and calculated evasion, which does," *United States v. Schwanke*, 694 F.3d 894, 897 (7th Cir. 2012); *see United States v. Gonzalez*, 608 F.3d 1001, 1006–07 (7th Cir. 2010); *United States v. Porter*, 145 F.3d 897, 903–04 (7th Cir. 1998).

Alexander claimed ignorance of the arrest warrant that remained outstanding from November 2010 to January 2012, and he insisted that he simply was hiding from his codefendants who "thought he was snitching and threatened him with bodily harm." But Alexander disappeared just after being arrested with a gun having an obliterated serial number and confessing to federal agents that he participated in the robbery of the limousine driver. The district court adopted the probation officer's finding that Alexander, when finally arrested, "admitted to agents that he was aware he was 'wanted.'" The court also credited the testimony of a federal agent who said at the sentencing hearing that Alexander's sister had been told there was a warrant outstanding for his arrest. We agree with counsel that a challenge to the obstruction finding would be frivolous. *See Arceo*, 535 F.3d at 682, 687 (concluding that § 3C1.1 adjustment was warranted where defendant was arrested, agreed to cooperate, was released from custody, and fled the jurisdiction); *Gonzalez*, 608 F.3d at 1006–07 (same).

Counsel next considers whether Alexander could argue that the district court erroneously concluded that he was subject to a minimum sentence of 84 months on the § 924(c) count. That is the lowest possible sentence when a gun is brandished, 18 U.S.C. § 924(c)(1)(A)(ii), but it was Little, not Alexander, who actually pointed the gun at the victim. We agree with counsel that an argument premised on who held the gun would be frivolous. Alexander stipulated that he handed Little the gun as they approached the victim and that Little brandished the gun during the robbery. He thus aided and abetted Little's use of the gun. *See United States v. Smith*, 697 F.3d 625, 635–36 (7th Cir. 2012); *United States v. Smith*, 576 F.3d 681, 686–87 (7th Cir. 2009); *United States v. Williams*, 334 F.3d 1228, 1232–33 (11th Cir. 2003).

Finally, counsel concludes that any challenge to the reasonableness of Alexander's sentence would be frivolous. His within-range sentence is presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Aslan*, 644 F.3d 526, 531–32 (7th Cir. 2011), and we agree with counsel that the record presents no basis to set that presumption aside. The district court sufficiently considered the appropriate sentencing factors, noting

on one hand Alexander's youth, potential for change, and recent achievement of obtaining his GED, but on the other hand the seriousness of the offense and the need to deter others from committing similar crimes. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(B).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.