[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16045
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00411-WSD-RGV-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFORD DEANGELO JACKSON,

Defendant-Appellant.


_____

No. 12-16046
Non-Argument Calendar
_____

D.C. Docket No.  1:11-cr-00252-WSD-RGV-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFORD DEANGELO JACKSON,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(August 21, 2013)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Clifford Deangelo Jackson appeals his convictions and 194-month total sentence in this consolidated appeal. Jackson pled guilty to one count of aiding and abetting an attempted armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and 2 (Bank Count 1), and one count of aiding and abetting the discharge of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), and 2 (Bank Count 2). A jury then convicted Jackson on one count of conspiracy to commit a Hobbs Act robbery at Weeyums Philly Style restaurant (Weeyums), in violation of 18 U.S.C. § 1951(a) (Weeyums Count 1), and one count of aiding and abetting a Hobbs Act robbery at Weeyums, in violation of 18 U.S.C. §§ 1951(a), and 2 (Weeyums Count 2). The district court sentenced Jackson to concurrent 74-month sentences for Bank Count 1 and

2

Weeyums Counts 1 and 2, followed by a consecutive mandatory minimum 10-year sentence for Bank Count 2.

With respect to the Weeyums Counts, Jackson asserts the district court erred in instructing the jury that a minimal effect on interstate commerce was sufficient to convict him. He contends even under a *de minimis* standard, the Government failed to present sufficient evidence that the robbery had an effect on interstate commerce such that it supported his convictions. As to Bank Count 2, Jackson asserts the district court erred in sentencing him to a ten-year mandatory minimum sentence because he is not accountable for his codefendant's accidental discharge of a firearm after they left the bank.[1] After review, we affirm Jackson's convictions and sentences.

*Interstate commerce*

We review the sufficiency of the evidence of a Hobbs Act violation *de novo*. *United States v. Dean* (*Dean I*), 517 F.3d 1224, 1227 (11th Cir. 2008), *aff'd in part*, 556 U.S. 568 (2009). "[W]e consider the evidence in the light most favorable to the Government, drawing all reasonable inferences and credibility choices in the Government's favor." *United States v. Friske*, 640 F.3d 1288, 1290-91 (11th Cir. 2011) (quotations omitted). We will not overturn a jury's verdict "if any

---

[1] After briefing concluded, Jackson filed supplemental authority citing to the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), without further explanation of how the case applied to his appeal. We deem arguments not fully articulated on appeal as abandoned. *United States v. Capers*, 708 F.3d 1286, 1296 (11th Cir. 2013). Accordingly, we do not address Jackson's citation to *Alleyne*.

reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *Id.* at 1291 (quotation omitted).

The Hobbs Act prohibits robbery and conspiracies to commit robbery that "in any way or degree obstruct[], delay[], or affect[] commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a). To prove a Hobbs Act conspiracy, "the government need only prove a robbery and effect on commerce." *Dean I*, 517 F.3d at 1227-28. As to the interstate commerce element, "the government is only required to establish a minimal effect on interstate commerce. *Id.* at 1228 (quotations omitted). "[A] 'mere depletion of assets' is sufficient proof of an effect on interstate commerce." *Id.*

Jackson does not challenge the sufficiency of the evidence as to the robbery element of his Weeyums convictions; thus, the parties' arguments are limited to the interstate commerce element. Jackson's contention the Government failed to present sufficient evidence of an effect on interstate commerce is without merit. The Government presented evidence that Jackson's codefendant took $500-600 from the cash register at Weeyums, and we have held that "a mere depletion of assets" is sufficient evidence of an effect on interstate commerce. *See Dean I*, 517 F.3d at 1228. Even if such a depletion of the restaurant's assets were not sufficient, however, the Government also presented evidence that Weeyums had interstate customers, ordered supplies from other states, banked with a national

4

bank, and closed for at least three days as a result of the robbery. Thus, it presented evidence of, at the least, a minimal effect on interstate commerce sufficient to support Jackson's convictions for conspiracy to commit, and aiding and abetting the commission of, a Hobbs Act robbery. *See id.*

We also "review *de novo* a challenge to the district court's jury instructions." *United States v. Williams*, 526 F.3d 1312, 1320 (11th Cir. 2008). The district court has "broad discretion in formulating jury instructions provided that the charge as a whole accurately reflects the law and the facts," and we will only reverse a conviction based on a jury instruction if "the issues of law were presented inaccurately, or the charge improperly guided the jury in such a substantial way as to violate due process." *Id.* (quotations omitted).

As to Jackson's assertion the district court's jury instruction was erroneous, the district court did not err by instructing the jury that a minimal effect on interstate commerce was sufficient, because that charge accurately reflects the law. *See id.*; *see also Dean I*, 517 F.3d at 1228. Accordingly, we affirm Jackson's convictions for conspiracy to commit, and aiding and abetting the commission of, a Hobbs Act Robbery.

5

*Accidental discharge of firearm*

We review "[t]he district court's legal interpretation of statutes and Sentencing Guidelines . . . *de novo*." *United States v. Carillo-Ayala*, 713 F.3d 82, 87 (11th Cir. 2013). Section 924(c) states, in relevant part, that:

> [A]ny person who, during and in relation to any crime of violence . . . uses or carries a firearm . . . shall, in addition to the punishment provided for such crime of violence . . .--
>
> . . . .
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A)(ii)-(iii). The Supreme Court has held a defendant's accidental discharge of a firearm is punishable by the ten-year mandatory minimum set forth in § 924(c)(1)(A)(iii). *Dean v. United States (Dean II)*, 556 U.S. 568, 577 (2009).

Section 2 of Title 18 provides that "[w]hoever . . . aids, abets, counsels, commands, induces or procures [the commission of an offense against the United States] is punishable as a principal." 18 U.S.C. § 2(a). "Under § 2, the acts of the principal become those of the aider and abettor as a matter of law." *United States v. Williams*, 334 F.3d 1228, 1232 (11th Cir. 2003). Thus, a defendant who aided

6

and abetted a § 924(c) offense "is accountable for the entirety of the conduct" relating to the § 924(c) offense. *Id.* at 1233.

The district court did not err in applying the ten-year mandatory minimum under 18 U.S.C. § 924(c)(1)(A)(iii) to Jackson. A defendant's accidental discharge of a firearm is punishable by the ten-year mandatory minimum sentence. *Dean II*, 556 U.S. at 577. The indictment charged Jackson with violating §§ 924(c)(1)(A)(iii) and 2 by aiding and abetting his codefendants in knowingly using and carrying firearms during and in relation to a crime of violence. At Jackson's change-of-plea hearing, he agreed with the Government's description of the attempted bank robbery and admitted that a firearm was discharged from the vehicle in which he and his codefendants escaped from the bank. The criminal judgment indicates that Jackson was adjudged guilty of violating §§ 924(c)(1)(A)(iii) and 2. On appeal, Jackson does not contest that his codefendant discharged his firearm. Moreover, an accidental discharge of a firearm is a reasonably foreseeable result of bringing a gun to an attempted bank robbery. Accordingly, under § 2, Jackson is accountable for his codefendant's accidental discharge of the firearm and he is punishable by the ten-year mandatory minimum sentence. *See* 18 U.S.C. § 2; *Williams*, 334 F.3d at 1232-33. Thus, we affirm Jackson's sentences.

**AFFIRMED.**

7