[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13870

_____

D.C. Docket Nos. 8:16-cv-01827-SCB-TBM,
8:06-cr-00259-SCB-TBM-1

JIMMY LEE BOSTON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 30, 2019)

Before WILLIAM PRYOR and JILL PRYOR, Circuit Judges, and ROBRENO,[*]
District Judge.

---

[*] Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

WILLIAM PRYOR, Circuit Judge:

This appeal requires us to decide whether the district court erred when it denied Jimmy Lee Boston's second or successive motion to correct his sentence, 28 U.S.C. § 2255(a), (h), under the Armed Career Criminal Act, 18 U.S.C. § 924(e). In 2007, Boston was convicted and sentenced under the Act to 262 months of imprisonment. His prior convictions included two for armed robbery and seven for principal to robbery with a firearm, which, under Florida law, Fla. Stat. § 777.011, includes aider-and-abettor liability. After the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Act is void for vagueness, Boston filed a second or successive motion to correct his sentence. He argued that, after *Johnson*, none of his seven principal-to-robbery-with-a-firearm convictions qualified as a third violent-felony conviction under the Act. The district court denied his motion on the ground that an aider and abettor is liable under Florida law for all the acts of a principal, so all of Boston's armed-robbery convictions, even those where he only aided and abetted an armed robbery, count as violent felonies the same as if he had committed the armed robbery himself. Because we agree with the district court, we affirm.

## I. BACKGROUND

In 2006, a grand jury indicted Jimmy Lee Boston for possessing a firearm as a felon, 18 U.S.C. §§ 922(g)(1), 924(e)(1), and possessing a firearm with an

2

obliterated serial number, *id.* §§ 922(k), 924(a)(1)(B). The indictment identified eleven predicate felony convictions for the felon-in-possession charge, including two convictions for armed robbery and seven convictions as a principal to robbery with a firearm. A jury found Boston guilty of both counts of the indictment.

The presentence investigation report listed only six of Boston's convictions as a principal to robbery with a firearm instead of seven. The report stated that Boston was "subject to an enhanced sentence under" the Armed Career Criminal Act, but it did not specify which of his prior convictions subjected him to the enhancement. Boston did not object to the report about any of his prior adult convictions, nor did he object to the enhancement of his sentence under the Act. The district court imposed a sentence of 262 months of imprisonment. Boston appealed, and we affirmed. *See United States v. Boston*, 249 F. App'x 807 (11th Cir. 2007).

After the Supreme Court held the residual clause of the Armed Career Criminal Act void for vagueness in *Johnson*, 135 S. Ct. at 2563, and held that the new rule announced in *Johnson* applies retroactively to cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257 (2016), Boston received permission from this Court to file a second or successive motion to correct his sentence, *see* 28 U.S.C. § 2255(h). In his motion, Boston sought relief on the ground that the "district court enhanced [his] sentence under the Act's residual clause, so [he] no

3

longer ha[d] three Armed Career Criminal Act qualifying predicate offenses." His accompanying memorandum of law argued that his principal-to-robbery convictions were not violent felonies under the elements clause because a "principal to robbery" can be convicted without proof that he "commit[ed], threaten[ed] to commit, or attempt[ed] to commit all elements of the robbery," including the element of physical force.

The government made three arguments in response. First, it argued that Boston had failed to establish that his second-or-successive claim "relie[d] on a new rule of constitutional law," *id.* § 2244(b)(2)(A); *see also id.* § 2255(h)(2), because he had not established that his enhanced sentence depended on the residual clause. Second, it argued that Boston's argument was procedurally defaulted because he failed to raise it at sentencing or on direct appeal. Third, the government contended that Boston's argument failed on the merits because he had at least three violent-felony convictions.

The government conceded that Boston's burglary convictions did not satisfy the enumerated-offenses clause of the Act, and it admitted that it lacked the records to determine whether his battery-on-a-law-enforcement-officer conviction satisfies the Act's elements clause. *See Shepard v. United States*, 544 U.S. 13, 16 (2005). But the government maintained that his two armed-robbery convictions counted,

4

and it contended that his several principal-to-robbery-with-a-firearm convictions put him over the three-conviction threshold.

The government made alternative arguments about Boston's robbery convictions. Although the indictment and presentence investigation report stated that Boston had two convictions for armed robbery and several convictions for principal to robbery with a firearm, the government argued that the records for Boston's convictions, *see id.* at 16, established that he had not two *but four* armed-robbery convictions. The government explained that two of the principal-to-robbery-with-a-firearm convictions did not depend on the Florida statute making aiders and abettors punishable as principals, Fla. Stat. § 777.011. The government pointed out that, for two of Boston's putative principal-to-robbery-with-a-firearm convictions, the judgments listed only the robbery statute, *id.* § 812.13, as the statute of conviction, and that the charging documents in those cases also made no reference to aiding-and-abetting liability or the principal-liability statute. The government acknowledged that each of the two judgments in question described the crime as "principal to robbery with a firearm" but suggested that the phrase "could easily be a scrivener['s] error, and Boston ha[d] failed to make any showing to the contrary." In the alternative, the government argued that, even if Boston were considered to have only two convictions that did not depend on aiding-and-

abetting liability, any conviction as a principal to robbery with a firearm categorically qualifies as a violent felony under the elements clause.

The district court denied Boston's motion. It determined that Boston had not two but four armed-robbery convictions independent of the principal-liability statute. And, in any event, the district court ruled that Boston's principal-to-robbery-with-a-firearm convictions qualified as violent-felony convictions under the elements clause. The district court did not address the government's arguments that Boston had not established that he was sentenced using the residual clause and that his claim was procedurally defaulted.

After the district court denied a certificate of appealability, we granted a certificate for the following two issues:

(1) Whether Boston's two prior Florida convictions for principal to armed robbery, in Case No. 89-1594F(A) and Case No. 89-1165F(A), for which the charging documents and judgments cited only Fla. Stat. Ann. § 812.13 as the offense of conviction statute, were convictions for substantive Florida armed robbery, such that they categorically qualify as violent felonies under the [Act's] element[s] clause; and

(2) Whether a Florida conviction for principal to armed robbery, in violation of Fla. Stat. Ann. § 777.011 and § 812.13, constitutes a violent felony under the [Act's] elements clause? *See In re Colon*, 826 F.3d 1301 (11th Cir. 2016).

6

## II. STANDARD OF REVIEW

"In a section 2255 proceeding, we review legal conclusions *de novo* and factual findings for clear error." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014).

## III. DISCUSSION

The Armed Career Criminal Act imposes a fifteen-year mandatory-minimum sentence on anyone who violates the felon-in-possession statute, 18 U.S.C. § 922(g), with "three previous convictions . . . for a violent felony." *Id.* § 924(e)(1). Under the so-called "elements" clause of the Act, the term "violent felony" includes any crime punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i). Florida robbery, Fla. Stat. § 812.13, categorically qualifies as a violent felony under the elements clause, *see Stokeling v. United States*, 139 S. Ct. 544, 554–55 (2019), so Boston has at least two qualifying armed-robbery convictions. *Id.*; *United States v. Fritts*, 841 F.3d 937, 939–40 (11th Cir. 2016). But Boston disputes whether his six Florida convictions for principal to armed robbery, Fla. Stat. §§ 777.011, 812.13, constitute violent felonies under the elements clause.

Our precedent *In re Colon*, 826 F.3d 1301 (11th Cir. 2016), forecloses Boston's argument. *Colon* held that a "conviction for aiding and abetting a Hobbs

Act robbery," 18 U.S.C. §§ 2, 1951(a), "qualifies as a 'crime of violence' under the [elements] clause in [section] 924(c)(3)(A)." 826 F.3d at 1305. The definition of "crime of violence" in section 924(c)(3)(A) mirrors the definition of "violent felony" in section 924(e)(2)(B)(i), with the only distinction being that the former additionally covers the use of force against "*property*," which is not at issue here. *Compare* 18 U.S.C. § 924(c)(3)(A) (requiring the underlying offense to include as an element, "the use, attempted use, or threatened use of physical force against the person or property of another"), *with id.* § 924(e)(2)(B)(i) (requiring the underlying offense to include as an element, "the use, attempted use, or threatened use of physical force against the person of another"). We earlier held that Hobbs Act robbery qualifies as a "crime of violence." *Colon*, 826 F.3d at 1305 (citing *In re Saint Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016)). And, under the federal principal statute, an aider and abettor is punished the same as a principal offender, 18 U.S.C. § 2(a), such that "the acts of the principal become those of the aider and abettor as a matter of law." *United States v. Williams*, 334 F.3d 1228, 1232 (11th Cir. 2003). So, the reasoning of *Colon* applies here: "Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a principal Hobbs Act robbery," meaning he "necessarily commits a crime that" satisfies the elements clause of section 924(c). *Colon*, 826 F.3d at 1305.

8

Like the federal statute in *Colon*, the Florida statute punishes aiders and abettors the same as principal offenders. *Compare* Fla. Stat. § 777.011 ("Whoever commits any criminal offense against the state . . . or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such . . . ."), *with* 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."). If the latter reflects the principle that "an aider and abettor is responsible for the acts of the principal as a matter of law," *Colon*, 816 F.3d at 1305, so does the former. *Cf. United States v. Lange*, 862 F.3d 1290, 1295 (11th Cir. 2017) (explaining that the federal and Florida statutes both require that an aider and abettor "have the intent to aid the commission of a crime and do some act that contributed to the offense" to be punished as a principal).

The Supreme Court of Florida has confirmed that the Florida statute embodies the same principle that we applied to the federal statute in *Colon*. *See Hall v. State*, 403 So. 2d 1321, 1323 (Fla. 1981) ("An aider and abettor is responsible for all acts committed by his accomplice in furtherance of the criminal scheme."). Under the Florida statute, "a person is a principal in the first degree whether he actually commits the crime or merely aids, abets or procures its

9

commission," so "it is immaterial" which kind of liability the indictment or information alleges. *State v. Roby*, 246 So. 2d 566, 571 (Fla. 1971). That is, even though "[o]ne may be charged" in the charging document "with aiding, abetting, or procuring the commission of a criminal offense, . . . if the proof establishes that he actually committed the offense, a verdict finding him guilty as charged will be sustained." *Id.* (quoting *Jacobs v. State*, 184 So. 2d 711, 714–715 (Fla. 1st Dist. Ct. App. 1966))). "Conversely, it would follow that if an information . . . charges a defendant with the commission of a criminal offense, and the proof establishes only that he was feloniously present, aiding, and abetting in the commission of the crime, a verdict of guilty as charged should be sustained." *Id.* (emphasis omitted) (quoting *Jacobs*, 184 So. 2d at 715); *see also State v. Dent*, 322 So. 2d 543, 544 (Fla. 1975) (relying on *Roby* to reinstate the defendant's substantive conviction for selling cocaine because he "clearly aided and abetted the commission of a criminal offense" even though the defendant "received no compensation from the seller"); *Stephenson v. State*, 371 So. 2d 554, 555 (Fla. 2d Dist. Ct. App. 1979) ("We note that a charge of substantive crime may be proved by evidence of aiding and abetting.").

In other words, one who commits the Florida crime of principal to armed robbery necessarily commits the Florida crime of armed robbery. *Cf. Lopez v. State*, 833 So. 2d 283, 284 (Fla. 5th Dist. Ct. App. 2002) (explaining "that it is

10

immaterial whether [a defendant] was expressly charged as a principal, so long as there was proof he was guilty of one of the acts denounced in the statute" because "[t]he law of principals allows [a defendant] to be convicted of the main offenses regardless of whether he personally possessed a firearm"). Under Florida law, one who "commits[,] . . . aids, abets, counsels, hires, or otherwise procures" an armed robbery necessarily is a principal to armed robbery. Fla. Stat. § 777.011. Because principals are identically situated under Florida law, it follows that they are identically situated under the Armed Career Criminal Act as they have all committed an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Although not discussed by the parties, the Florida statute for principal liability punishes aiding and abetting an attempted offense, while the federal statute, on its face, does not. That distinction does not matter where, as here, the underlying offense, armed robbery, categorically qualifies as a predicate offense regardless of whether it is attempted or completed. *See United States v. Joyner*, 882 F.3d 1369, 1379 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1256 (2019) ("[W]e conclude that Florida attempted robbery is categorically a violent felony under the [Act]."). The logic of *Colon* still controls—even if one aids and abets a robbery that is only attempted but not completed, one has still committed the crime of attempted robbery, which is a violent felony under the Act, *id.* And because *Colon*

11

forecloses Boston's argument, we need not consider whether the *Shepard*

documents for his prior convictions support the same result.

## IV. CONCLUSION

We **AFFIRM** the denial of Boston's second or successive motion.

JILL PRYOR, Circuit Judge, concurring in judgment:

Our precedent requires me to concur in the majority's decision to affirm the district court's denial of Jimmy Lee Boston's 18 U.S.C. § 2255 motion to vacate. But because I have doubts about whether our precedent is correct, I write separately, using Mr. Boston's case as an illustration, to explain my concerns.

Mr. Boston is serving an enhanced sentence imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Congress passed ACCA to punish harshly felony offenders caught carrying firearms who previously have committed at least three violent felonies or serious drug offenses. *See id.* § 924(a)(2), (e)(1). These violent felonies must "ha[ve] as an element the use, attempted use, or threatened use of physical force" against another person. *Id.* § 924(e)(2)(B)(i). When Mr. Boston was caught carrying a firearm, he had two prior felony convictions in Florida for armed robbery. Physical force is an element of the crime of robbery in Florida, so those convictions got Mr. Boston close to qualifying for ACCA's enhanced punishment.

Mr. Boston's third predicate offense supporting his ACCA enhancement was one of several Florida convictions for "principal" to robbery with a firearm—essentially, aiding and abetting an armed robbery. During most of these crimes, Mr. Boston served as the getaway driver to codefendants who robbed convenience stores and pizza restaurants at gunpoint. Under Florida law, a person who aids or

13

abets a robbery "is a principal." *See* Fla Stat. §§ 777.011, 812.13. But this is a legal fiction: by the Florida statute's own terms, an aider or abettor does not even have to be "actually or constructively present at the commission of [the] offense." *Id.* § 777.011. Does a person who is not even present for the commission of a robbery necessarily use, attempt to use, or threaten to use physical force against another during that robbery? No. But this Court has said he does.

In *In re Colon*, a panel of our Court examined whether aiding and abetting a Hobbs Act robbery qualified as a crime of violence.[1] 826 F.3d 1301, 1305 (11th Cir. 2016); *see* Maj. Op. at 8-9 (explaining that federal aiding and abetting law mirrors Florida law). The *Colon* panel said yes: "Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a . . . Hobbs Act robbery." *Id.* "And because the substantive offense of Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force . . . ,' then an aider and abettor of a Hobbs Act robbery necessarily commits a crime that 'has as an element the use, attempted use, or threatened use of physical force . . . .'" *Id.*

---

[1] *Colon* concerned 18 U.S.C. § 924(c), not ACCA. Section 924(c) criminalizes the use of a firearm during and in relation to a "crime of violence." The definition of "crime of violence" at issue in *Colon*, though, is substantially the same as the definition of "violent felony" in ACCA. *Compare* 18 U.S.C. § 924(c)(1)(A), *with* 18 U.S.C. § 924(e)(2)(B)(i). So I agree with the majority that the reasoning of *Colon* must apply here. *See* Maj. Op. at 7-8.

14

*Colon* is binding precedent, so I must concur.  The problem I see with the reasoning in *Colon* is that it takes a legal fiction—that one who aids and abets a robbery by, say, driving a getaway car, is deemed to have committed the robbery itself—and transforms it into a reality—that a getaway car driver actually committed a crime involving the element of force.  That transformation isn't grounded in ACCA's text.  ACCA uses the term "violent felony," the ordinary meaning of which "suggests a category of violent, *active* crimes."  *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis added) (internal quotation marks omitted).  A person who merely aids and abets a crime by definition plays a less active role in the crime than the principal.  And whereas ACCA expressly includes in its "violent felony" definition offenses that require attempted or threatened force (in addition to the actual use of force), it does not expressly include aiding or abetting a person who uses, attempts to use, or threatens to use force.  In short, Congress could have written ACCA to explicitly encompass offenders who aid or abet violent acts, but it did not.[2]  *Cf. Cent. Bank of Denver,*

---

[2] The Court in *Colon* followed *United States v. Williams* in positing that "'[n]othing in the language'" of § 924(c) "'indicates that Congress intended to vitiate ordinary principles of aiding and abetting liability.'"  826 F.3d at 1305 (quoting *United States v. Williams*, 334 F.3d 1228, 1233 (11th Cir. 2003) (alteration adopted)).  But as the dissent in *Colon* pointed out, the defendant in *Williams* did not aid or abet the "crime of violence"; he aided or abetted the use of the firearm during that crime.  *Id.* at 1306-07 (Martin, J., dissenting).  So the question the Court answered in *Williams* was different from the one answered in *Colon*.  *See id.*  And unlike the defendant in *Williams*, "Mr. Colon's aiding and abetting crime could have been based on his aid of an element of robbery that involved no force."  *Id.* at 1307.

15

*N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 176-77 (1994) ("Congress knew how to impose aiding and abetting liability when it chose to do so. If . . . Congress intended to impose aiding and abetting liability, we presume it would have used the words 'aid' and 'abet' in the statutory text. But it did not." (citations omitted)).

A person who aids or abets another in committing armed robbery *may* use, attempt to use, or threaten to use physical force, or he may only be a getaway driver. Transforming that role in a crime into one that *necessarily* involves the use, attempted use, or threatened use of physical force contradicts ACCA's text.[3] And, for what it's worth, I believe *Colon*'s rule does not comport with ACCA's intent, written into the text of § 924, to punish more harshly offenders with a history of violent criminal conduct. *See* 18 U.S.C. § 924(a)(2), (e)(1). For these reasons, I believe that *Colon* was wrongly decided.[4]

---

[3] To the extent the statute is ambiguous as to whether aiding or abetting would qualify as an act having as an element the use, attempted use, or threatened use of physical force against another person, I would apply "the rule of lenity's teaching that ambiguities about the breadth of a criminal statute should be resolved in the defendant's favor"—here, by excluding from the scope of ACCA aiding and abetting. *United States v. Davis*, 139 S. Ct. 2319, 2333 (2019).

[4] I acknowledge but do not address the government's alternative argument for affirmance—which the majority does not reach—that at least two of Mr. Boston's convictions for principal to robbery with a firearm actually are for armed robbery.