[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————

Nos. 16-13021-J; 16-13264-J

———————————

IN RE: EDGAR COLON,

Petitioner.

———————————

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

———————————

Before HULL, MARCUS, and MARTIN, Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Edgar Colon has filed two applications[1] seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255.  Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[1] Colon filed a counseled application on May 27, 2016 (No. 16-13021), and a *pro se* application on June 6, 2016 (No. 16-13264).  Because his applications are nearly identical in substance, we address them together.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

In his applications, Colon seeks to raise one claim in a second or successive § 2255 motion. Colon asserts that his claim relies on a new rule of constitutional law, citing *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague, and citing *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016), in which the Supreme Court held that *Johnson* applies retroactively to cases on collateral review.

Colon was not sentenced or subject to an enhancement under the ACCA. Indeed, his 141 month sentence is lower than the ACCA's minimum 180-month sentencing enhancement. Rather, Colon asserts that the Supreme Court's holding in *Johnson* implicates his consecutive sentence for aiding and abetting the brandishing of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Specifically, he argues that his conviction for aiding and abetting a Hobbs Act robbery no longer qualifies as a crime of violence because of *Johnson*, and thus, his § 924(c) sentence cannot stand.

## I.    *JOHNSON* AND *WELCH*

The ACCA, 18 U.S.C. § 924(e), defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

2

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause" (referred to herein as the "ACCA residual clause"). *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).  The ACCA residual clause covers "conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).

In *Johnson*, the Supreme Court held that the ACCA residual clause is unconstitutionally vague.  *Johnson*, 576 U.S. at ___, 135 S. Ct. at 2557-58, 2563.  The Supreme Court clarified that, in holding that the ACCA residual clause is void, it did not call into question the application of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony.  *Id.* at ___, 135 S. Ct. at 2563.

In *Welch*, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to ACCA § 924(e) residual clause cases on collateral review.  *Welch*, 578 U.S. at ___, 136 S. Ct. at 1264-65.  Although the Supreme Court held that *Johnson*'s invalidation of the residual clause applied retroactively, the Supreme Court remanded Welch's § 2255 proceedings to this Court to determine whether the district court's denial of the § 2255 motion was correct "on other grounds," noting that "the parties continue to dispute whether Welch's strong-arm robbery conviction qualifies as a violent felony under the elements clause of the Act, which would make Welch eligible for a 15-year sentence regardless of *Johnson*."  *Id.* at

3

\_\_\_, 136 S. Ct. at 1268.

## II.    COLON'S § 924(c) *JOHNSON* CLAIM

Distinct from the sentence provisions in § 924(e)(1) of the ACCA, § 924(c)(1)(A) provides

for a separate consecutive sentence if any person uses or carries a firearm during and in relation to

a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes,

as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this
> subsection or by any other provision of law, any person who, during and in relation
> to any crime of violence or drug trafficking crime (including a crime of violence or
> drug trafficking crime that provides for an enhanced punishment if committed by
> the use of a deadly or dangerous weapon or device) for which the person may be
> prosecuted in a court of the United States, uses or carries a firearm, or who, in
> furtherance of any such crime, possesses a firearm, shall, in addition to the
> punishment provided for such crime of violence or drug trafficking crime—(i) be
> sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is
> brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less
> than 10 years.

18 U.S.C. § 924(c)(1)(A).    For the purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of

violence" as an offense that is a felony and:

> (A)    has as an element the use, attempted use, or threatened use of physical force against
> the person or property of another, or
>
> (B)    that by its nature, involves a substantial risk that physical force against the person
> or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3).    The former clause is referred to herein as the "use-of-force" clause and that later

clause as the "§ 924(c)(3)(B) residual clause."    Notably, the ACCA's elements clause only

involves the use of force "against the person of another," while the use-of-force clause involves the

use of force "against the person <u>or property</u> of another."    *Compare* 18 U.S.C. § 924(e)(2)(B)(i),

*with* 18 U.S.C. § 924(c)(3)(A) (emphasis added).

4

Colon was charged, in the same Superseding Indictment, with one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); one count of aiding and abetting a Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 2); and one count of aiding and abetting to carry, use, and brandish a firearm during and in relation to a crime of violence (Hobbs Act robbery), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 3).

In that indictment, Count 2, the substantive aiding and abetting Hobbs Act robbery count, charged that Colon and his codefendants "aided and abetted by each other, did knowingly and unlawfully obstruct, delay, and affect commerce . . . by robbery, and did commit and threaten physical violence to another person in furtherance of a plan and purpose to commit robbery and extortion."  In that same indictment, Count 3, the § 924(c) count, charged that Colon and his codefendants "aided and abetted by each other, did knowingly carry, use, and brandish a firearm and aided and abetted the carrying, use and brandishing of a firearm . . . during and in relation to a crime of violence for which the defendants may be prosecuted in a Court of the United State, that is: interference with interstate commerce by robbery *as charged in Count Two of this Indictment.*" (emphasis added).

Colon pled guilty to all counts in the indictment.

As recently pointed out in *In re Pinder*, "[o]ur Court hasn't decided if *Johnson* applies to § 924(c)(3)(B)" and "the law is unsettled" as to whether *Johnson* invalidates sentences that relied on the § 924(c)(3)(B) residual clause. *In re Pinder*, ___ F.3d ___, No. 16-12084-J, 2016 U.S. App. LEXIS 10031, at *2, 4 (11th Cir. June 2, 2016) (granting an application for leave to file a second or successive motion under § 2255(h) because determining whether *Johnson* invalidates the § 924(c)(3)(B) residual clause should be decided in the first instance by the district court).  In

5

this regard, we note that *Johnson* did not address the definition for "crime of violence" under § 924(c)(3), and, as shown above, the ACCA residual clause and the § 924(c)(3)(B) residual clause have somewhat different language.[2]

But we need not decide, nor remand to the district court, the § 924(c)(3)(B) residual clause issue in this particular case because even if *Johnson*'s rule about the ACCA residual clause applies to the § 924(c)(3)(B) residual clause, Colon's claim does not meet the statutory criteria for granting his § 2255(h) applications. This is because Colon's companion conviction for aiding and abetting a Hobbs Act robbery, which was charged in the same indictment as, and makes up the basis for, Colon's § 924(c) count, clearly qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A).

Aiding and abetting, under 18 U.S.C. § 2, "is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense." *United States v. Sosa*, 777 F.3d 1279, 1292 (11th Cir. 2015) (quotation marks omitted). "A person who 'aids, abets, counsels, commands, induces or procures' the commission of an offense 'is punishable as a principal.'" *United States v. Williams*, 334 F.3d 1228, 1232 (11th Cir. 2003) (quoting 18 U.S.C. § 2). Indeed, "[u]nder § 2, the acts of the principal become those of the aider and abettor as a matter of law." *Id.* "[N]othing in the language of § 924(c)(1) indicat[es] that Congress intended to vitiate ordinary principles of aiding and abetting liability for purposes of sentencing under that subsection." *Id.* at 1233.

---

[2] We also note that the ACCA § 924(e) sentence enhancement and the § 924(c) penalty each appear to serve a different statutory purpose. *Compare* 18 U.S.C. § 924(c) (providing for a consecutive term of imprisonment for defendants who use a firearm during a concurrent and simultaneous crime of violence or drug trafficking crime), *with* 18 U.S.C. § 924(e) (providing for an enhanced term of imprisonment for a § 922(g)(1) conviction of a felon in possession of a firearm who had three past convictions for a violent felony or serious drug offense).

This Court has held that a companion substantive Hobbs Act robbery conviction qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A). *In re Saint Fleur*, ___ F.3d ___, ___, No. 16-12299, 2016 U.S. App. LEXIS 10395, at \*9-10 (11th Cir. June 8, 2016). Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a principal Hobbs Act robbery. *See Williams*, 334 F.3d at 1232. And because the substantive offense of Hobbs Act robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," which this Court held to be the case in *In re Saint Fleur*, then an aider and abettor of a Hobbs Act robbery necessarily commits a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Accordingly, Colon's conviction for aiding and abetting a Hobbs Act robbery qualifies as a "crime of violence" under the § 924(c)(3)(A) use-of-force clause, without regard to the § 924(c)(3)(B) residual clause.[3]

In short, Colon pled guilty to aiding and abetting in the use, carrying, and brandishing of a firearm while aiding and abetting in the Hobbs Act robbery set forth in Count 2, which robbery offense meets the use-of-force clause of the definition of a crime of violence under § 924(c)(3)(A). *See id.* This means Colon's § 924(c) sentence would be valid even if *Johnson* makes the § 924(c)(3)(B) residual clause unconstitutional.

### III.    CONCLUSION

Colon was not sentenced under the ACCA's residual clause or otherwise. His § 924(c)

---

[3]In *Pinder*, this Court stated that the applicant's § 924(c) sentence "appear[ed] to have been based on a conviction for conspiracy to commit Hobbs Act robbery." *Pinder*, ___ F.3d at ___ n.1, 2016 U.S. App. LEXIS 10031, at \*5 n.1. However, as noted above, unlike *Pinder*, Colon's § 924(c) sentence was based on aiding and abetting a substantive Hobbs Act robbery.

sentence is valid under the § 924(c)(3)(A) use-of-force clause without regard to the § 924(c)(3)(B) residual clause. Thus, he has not made a *prima facie* showing that his proposed *Johnson* residual-clause claim meets the statutory criteria. Accordingly, his applications for leave to file a second or successive motion are hereby DENIED.

MARTIN, Circuit Judge, dissenting:

Edgar Colon argues that <u>Johnson v. United States</u>, 576 U.S. __, 135 S. Ct. 2551 (2015), makes his 18 U.S.C. § 924(c) sentence unlawful.    Mr. Colon received that sentence because he pleaded guilty to aiding and abetting a robbery.    Our court has held that § 924(c) sentences that were based on conspiracy to commit robbery may not survive <u>Johnson</u>.    See <u>In re Pinder</u>, No. 16-12084, 2016 WL 3081954, at *1–2 (11th Cir. June 1, 2016).    Shortly after <u>Pinder</u> issued, this court held that it does not apply when a § 924(c) sentence is based on the actual commission of a robbery.    See <u>In re Saint Fleur</u>, No. 16-12299, 2016 WL 3190539, at *3–4 (11th Cir. June 8, 2016).    <u>Saint Fleur</u> distinguished <u>Pinder</u> by saying that the actual commission of a robbery meets the "elements clause" definition in 18 U.S.C. § 924(c)(3)(A), and while <u>Johnson</u> may call the § 924(c)(3)(B)'s "crime of violence" definition into question, it does not affect the § 924(c)(3)(A) definition (which is usually called the "elements clause" or "use of force" clause).

I am aware of no precedent deciding the question of whether aiding and abetting a crime meets the "elements clause" definition.    That definition requires a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."    18 U.S.C. § 924(c)(3)(A).    As best I can tell (though we have not had any briefing on this question, and I have not had much time to think through the issue), a defendant can be convicted of aiding and abetting a robbery without ever using, attempting to use, or threatening to use force.

The only aiding and abetting § 924(c) case the majority cites is <u>United States v. Williams</u>, 334 F.3d 1228, 1232 (11th Cir. 2003).    <u>Williams</u> is not helpful here for two reasons.    First, unlike Mr. Colon, Mr. Williams was convicted of committing an actual Hobbs Act robbery. The question in <u>Williams</u> was therefore not whether a defendant who merely aids and abets a

9

Hobbs Act robbery can be sentenced under § 924(c).    Rather, the question was whether the defendant who committed the Hobbs Act robbery can be sentenced under § 924(c) on the theory that he aided and abetted the use of a weapon.    The question in Mr. Colon's case was not answered in Williams.    The second reason Williams is not helpful is that it did not distinguish between § 924(c)(3)(A) and § 924(c)(3)(B).    Because it did not make this distinction, it may not survive Johnson.    At the least, I believe the questions raised here are close enough that Mr. Colon made "a prima facie showing" that Johnson invalidates his sentence.    28 U.S.C. § 2244(b)(3)(C).

It seems plausible that a defendant could aid and abet a robbery without ever using, threatening, or attempting any force at all.    For example, the aider and abettor's contribution to a crime could be as minimal as lending the principal some equipment, sharing some encouraging words, or driving the principal somewhere.    And even if Mr. Colon's contribution in his case involved force, this use of force was not necessarily an *element* of the crime, as is required to meet the "elements clause" definition.    The law has long been clear that a defendant charged with aiding and abetting a crime is not required to aid and abet (let alone actually commit, attempt to commit, or threaten to commit) every element of the principal's crime.    See Rosemond v. United States, __ U.S. __, __, 134 S. Ct. 1240, 1246–47 (2014) ("As almost every court of appeals has held, a defendant can be convicted as an aider and abettor *without proof that he participated in each and every element* of the offense.    In proscribing aiding and abetting, Congress used language that comprehends all assistance rendered by words, acts, encouragement, support, or presence—even if that aid relates to only one (or some) of a crime's phases or elements."    (quotation and citations omitted) (emphasis added)).    Even when a principal's crime involves an element of force, there is "no authority for demanding that an

10

affirmative act go toward an element considered peculiarly significant; rather, . . . courts have *never thought relevant the importance of the aid rendered.*" Id. at 1247.

Unlike in Williams, Mr. Colon was not convicted of actually *committing* a robbery. In a case like Williams, I agree that Saint Fleur may require us to deny the application because robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Id. § 924(c)(3)(A). But Mr. Colon's aiding and abetting crime could have been based on his aid of an element of robbery that involved no force.[1] Certainly aiding and abetting a robbery "by its nature, involves a substantial risk that physical force against the person or property of another may be used." Id. § 924(c)(3)(B). But Johnson may have invalidated that definition. As for § 924(c)'s surviving "crime of violence" definition, it is at least unclear whether aiding and abetting a robbery "has as an element the use, attempted use, or threatened use of physical force." Id. § 924(c)(3)(A).

The majority's analysis also conflicts with our court's post-Johnson treatment of § 924(c). Again, our court has held that § 924(c) sentences that were based on conspiracy

---

[1] The mere fact that Mr. Colon received a § 924(c) sentence does not mean he had to actually use, attempt to use, or threaten to use force. § 924(c) applies to "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). The term "in furtherance of any such crime" modifies "possesses" but not "carries." This makes clear that a § 924(c) sentence can be based on simply "carr[ying]" a firearm during a crime, so long as that underlying crime meets the "elements clause" definition. The Supreme Court has long held that "'use' must connote more than mere possession of a firearm." Bailey v. United States, 516 U.S. 137, 143, 116 S. Ct. 501, 506 (1995). Instead, "the language, context, and history of § 924(c)(1) indicate that the Government must show active employment of the firearm." Id. at 144, 116 S. Ct. at 506. This means the fact that a defendant received a § 924(c) sentence does not on its own confirm whether it's § 924(c)(3)(A) or § 924(c)(3)(B) that supports the sentence. The question remains: which definition does the underlying crime meet?

11

convictions may not survive <u>Johnson</u>.    See <u>Pinder</u>, 2016 WL 3081954, at *1–2.    We have also done the same in attempted robbery cases.    See <u>In re Still</u>, No. 16-12509 (11th Cir. June 15, 2016); <u>In re Del Monte</u>, No. 16-12526 (11th Cir. June 15, 2016).    Certainly, a defendant who aids and abets a crime "is punishable as a principal."    18 U.S.C. § 2(a).    But it is also true that a "person who attempts or conspires to commit any offense . . . shall be subject to the same penalties as those" who commit the offense.    21 U.S.C. § 846.    Even so, our court has recognized that attempt or conspiracy crimes may not meet § 924(c)'s "elements clause" definition.    I am not willing to assume, as the majority does here, that aiding and abetting crimes meet the "elements clause" definition simply because an aider and abettor "is punishable as a principal."    18 U.S.C. § 2(a).

To be clear, none of our orders about § 924(c) sentences in conspiracy or attempt cases actually decide the question of whether those crimes satisfy the "elements clause" definition. Instead, each order left that question to the district court to decide in the first instance.    See, e.g., <u>Pinder</u>, 2016 WL 3081954, at *2.    This is as it should be.    Our court recently held that applications to file § 2255 motions based on <u>Johnson</u> "should be granted[] in situations where neither the record nor current binding precedent makes undeniably clear that, absent the residual clause, an enhanced sentence validly was entered."    <u>In re Rogers</u>, No. 16-12626, 2016 WL 3362057, at *8 (11th Cir. June 17, 2016).    The record in Mr. Colon's case does not indicate which clause of § 924(c)(3) the district court relied on, and no binding precedent I know of "makes undeniably clear that" an aiding and abetting crime meets the "elements clause" definition.    I would therefore grant Mr. Colon's application.

Our court never held until today that aiding and abetting crimes fall under § 924(c)(3)(A). And the majority's order holds that Mr. Colon and people like him cannot even make "a prima

12

facie showing" on this issue.     I have already written about the danger of deciding the merits of not-yet-filed § 2255 motions in orders that do not have the benefit of input from lawyers and are not subject to review.     See In re McCall, No. 16-12972, __ F.3d __, 2016 WL 3382006, at *2–3 (11th Cir. June 17, 2016) (Martin, J., concurring); Saint Fleur, 2016 WL 3190539, at *4 (Martin, J., concurring).     Our court has done this in hundreds of cases in the two months since the Supreme Court decided Welch v. United States, __ U.S. __, 136 S. Ct. 1257 (2016).     Deciding the merits of not-yet-filed § 2255 motions in this way is especially dangerous in cases like Mr. Colon's that turn on a complex question of first impression.     If this panel allowed Mr. Colon to file his motion, the District Court could hear from lawyers on both sides and decide the question in the first instance.     We would then review the decision on appeal, based (unlike now) on briefing.     That ruling (unlike this one) would be subject to review by the Supreme Court. None of that is possible now.     If our decision today is wrong, Mr. Colon may be serving an unlawful prison sentence, without any possibility of further review.     I respectfully dissent.