**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3784
_____

UNITED STATES OF AMERICA

v.

BRANDON MCKELVEY,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Civil No. 2-15-cr-00061-004)
District Court Judge: Honorable Gene E. K. Pratter
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
December 11, 2018
_____

Before: SMITH, *Chief Judge*, McKEE and FISHER, *Circuit Judges*

(Opinion filed: July 10, 2019)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Appellant Brandon McKelvey appeals his conviction under 18 U.S.C. § 924(c), which carries a mandatory minimum sentence where a defendant "uses or carries a firearm" during a predicate "crime of violence."[1] For the reasons that follow, we will affirm the judgment of the district court.

Appellant principally argues that he was "at most, a co-conspirator or an aider and abetter to the [predicate crime of] Hobbs Act robbery" and that "those crimes – conspiracy and aiding and abetting – do not qualify as 'crimes of violence'" under § 924(c).[2] His argument is foreclosed by our decision in *United States v. Robinson*[3] and appears to rest on misunderstandings of 18 U.S.C. § 924(c) and on aiding and abetting liability.

We held, in *Robinson*, "that when, as here, the two offenses, robbery and brandishing a gun, have been tried together and the jury has reached a guilty verdict on both offenses, the Hobbs Act robbery qualifies as a crime of violence under the 'elements clause' of 18 U.S.C. § 924(c)(3)(A)."[4] We held that because the jury convicted Robinson of both crimes, "the combined convictions before us make clear that the 'actual or threatened force, or violence, or fear of injury' in Robinson's Hobbs Act robbery sprang

---

[1] The district court had original jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to hear the appeal under 28 U.S.C. § 1291. We review the district court's decision for plain error. *United States v. Robinson*, 844 F.3d 137, 140 (3d Cir. 2016), *cert. denied*, 138 S. Ct. 215 (2017).

[2] Appellant's Br. 10, 14.

[3] 844 F.3d at 137.

[4] *Id.* at 139.

from the barrel of a gun."[5] The same is true here. We reasoned in *Robinson* that the "language [of the Hobbs Act Robbery statute] would seem adequate in and of itself to satisfy the 'elements' clause of §924(c)(2)(B)," but that where the defendant was convicted of brandishing a firearm while committing Hobbs Act robbery, "the question . . . [was] not 'is Hobbs Act robbery a crime of violence?' but rather 'is Hobbs Act robbery *committed while brandishing a firearm* a crime of violence?'"[6] We held "[t]he answer to this question must be yes."[7]

McKelvey contends that we should reach a different result here because, whereas Robinson was the person who brandished the gun in the robberies he was convicted of, McKelvey was, "at most, a co-conspirator or an aider and abetter."[8] This is a distinction without a difference. It does not matter whether McKelvey was convicted as a principal or as an aider and abetter to Hobbs Act robbery because, under the aiding and abetting statute, a person who "aids, abets, [or] counsels" the commission of a federal offense "is

---

[5] *Id.* at 144.

> When the predicate offense, Hobbs Act robbery, and the § 924(c) offense are contemporaneous and tried to the same jury, the record of all necessary facts are before the district court. The jury's determination of the facts of the charged offenses unmistakably shed light on whether the predicate offense was committed with "the use, attempted use, or threatened use of physical force against the person or property of another."

 *Id.* at 141.
[6] *Id.* at 144 (emphasis in original).
[7] *Id.*
[8] Appellant's Br. 10.

3

punishable as a principal."[9] Aiding and abetting is not a separate crime, but rather "an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense."[10] His conviction for aiding and abetting is therefore treated as a conviction for the crime.[11] Because we have held that where a jury convicts a defendant of both Hobbs Act robbery and brandishing a gun, the Hobbs Act robbery conviction qualifies as a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A), Appellant's argument fails.

For the foregoing reasons, we will affirm the judgment of the district court.

---

[9] 18 U.S.C. § 2.

[10] *United States v. Sosa*, 777 F.3d 1279, 1292 (11th Cir. 2015) (internal quotation marks omitted).

[11] *See In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) ("Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a principal Hobbs Act robbery.").