[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17658
Non-Argument Calendar
_____

D.C. Docket Nos. 8:16-cv-01729-SCB-TGW,
8:11-cr-00309-SCB-TGW-1

JOSHUA MICHAEL WILKES,

Petitioner–Appellant,

versus

UNITED STATES OF AMERICA,

Respondent–Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 27, 2020)

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Joshua Wilkes, a federal prisoner proceeding with counsel, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate his sentence. A single judge of this Court granted a certificate of appealability (COA) to Wilkes on the following issues: "[(1)] [w]hether the District Court erred in concluding Mr. Wilkes's motion was untimely and [(2)] whether his convictions under 18 U.S.C. § 924(c), predicated on Hobbs Act robbery and carjacking, were unaffected by the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015)." Wilkes argues that his § 2255 motion was timely under 28 U.S.C. § 2255(f)(3) because he merely seeks to apply, rather than extend, the rule announced in *Johnson*. He also argues that his convictions for aiding and abetting the brandishing of a firearm during or in relation to Hobbs Act robbery (Count Three) and aiding and abetting the brandishing of a firearm during or in relation to carjacking (Count Five) do not qualify as crimes of violence under 18 U.S.C. § 924(c)(3)(A)'s elements clause, though he acknowledges that our binding precedent forecloses that argument. For the following reasons, we affirm.

In reviewing a denial of a motion to vacate under § 2255, we review the district court's legal conclusions de novo and findings of fact for clear error. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). We may affirm on any ground supported by the record. *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016). "Although our review is limited to the issues specified in

the COA, we will construe the issue specification in light of the pleadings and other parts of the record." *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001) (internal quotation mark omitted).

Section 924(c) criminalizes the use or carrying of a firearm in furtherance of a crime of violence or drug-trafficking crime. 18 U.S.C. § 924(c)(1)(A). In § 924(c), Congress provided definitions of a "crime of violence." *See* § 924(c)(3)(A)–(B). However, the Supreme Court recently nullified one of those definitions in § 924(c)(3)(B)—widely known as the residual clause—because it was unconstitutionally vague. *See United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319, 2324–25, 2336 (2019). Even so, § 924(c)(3)(A)—widely known as the elements clause—still stands. A felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" still qualifies as a "crime of violence." § 924(c)(3)(A); *see Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019) (per curiam) (citing *Davis*, 139 S. Ct. at 2336).

Further, aiding and abetting carjacking qualifies as a crime of violence for the purposes of § 924(c)(3)(A). *Steiner*, 940 F.3d at 1293. Aiding and abetting Hobbs Act robbery also qualifies as a crime of violence under § 924(c)(3)(A). *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016). And a defendant need not have been convicted or charged with the predicate offense for a conviction under

3

§ 924(c). *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005) (per curiam).

So, no matter how we construe the issues on appeal,[1] they end the same way: affirmance. This is because, after *Davis*, both of Wilkes's predicate offenses of aiding and abetting Hobbs Act robbery and aiding and abetting carjacking still qualify as crimes of violence under § 924(c)(3)(A), pursuant to our current binding precedent.[2] *See Steiner*, 940 F.3d at 1293; *In re Colon*, 826 F.3d at 1305; *see also In re Pollard*, 931 F.3d 1318, 1321 (11th Cir. 2019). Because we affirm on the merits, we need not address the procedural issue of timeliness.

**AFFIRMED.**

---

[1] *See In re Hammoud*, 931 F.3d 1032, 1040 (11th Cir. 2019) (explaining that *Johnson* and *Davis* claims, though similar, are distinct). In *Steiner*, the district court granted a COA on the question of whether Steiner's § 924(c) conviction was unconstitutional in light of *Johnson*. *Steiner*, 940 F.3d at 1288. We noted that Steiner had "recast[] his *Johnson* claim as a claim under . . . *Davis*" and subsequently analyzed and decided the claim under *Davis*. *Id.* at 1288, 1292–93. In his reply brief, Wilkes acknowledged *Davis* and that "the only remaining question is whether Wilkes's predicate offenses of Hobbs Act robbery and carjacking qualify under the elements clause."

[2] *See United States v. St. Hubert*, 909 F.3d 335, 344 (11th Cir. 2018) (clarifying the applicability of the prior-panel-precedent rule), *cert. denied*, 139 S. Ct. 1394 (2019), *and abrogated in part on other grounds by Davis*, 139 S. Ct. at 2324–25, 2336.