[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14759
Non-Argument Calendar

_____

D.C. Docket Nos. 2:16-cv-00506-MHT-SRW,
2:02-cr-00201-MHT-SRW-1

RENARD CORTEZ MURRAY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 1, 2020)

Before WILSON, WILLIAM PRYOR and LAGOA, Circuit Judges.

PER CURIAM:

Renard Murray appeals the denial of his motion to vacate his sentence, 28

U.S.C. § 2255, for aiding and abetting another to possess a firearm during a bank

robbery, 18 U.S.C. § 924(c). The district court granted a certificate of appealability for whether Murray's conviction based on a guilty plea is constitutional in the light of the decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). Murray contends that the predicate offense to which he pleaded guilty, aiding and abetting an armed bank robbery, is not a "crime of violence" under § 924(c)(3). Our precedents hold otherwise. We affirm.

In an appeal of a denial of a motion to vacate, we review questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). We may affirm for any reason supported by the record. *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016).

As Murray concedes, our precedents control this appeal. Although in *Davis* the Supreme Court held that the residual clause of section 924(c)(3)(B) is unconstitutionally vague, 139 S. Ct. at 2323, 2336, our precedents establish that aiding and abetting a Hobbs Act robbery is categorically a crime of violence under the elements clause of section 924(c)(3)(A). *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016). So we affirm the denial of Murray's motion to vacate.

**AFFIRMED.**