[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-14746
Non-Argument Calendar

————————————————

D.C. Docket Nos. 1:16-cv-00517-MHT-CSC,
1:13-cr-00107-MHT-CSC-1

MILAS ANTWON GRANT, III,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Alabama

————————————————

(July 2, 2020)

Before JORDAN, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Milas Antwon Grant, III, appeals the district court's denial of his 28 U.S.C.

§ 2255 motion to vacate his conviction under 18 U.S.C. § 924(c).  We affirm.

## I. BACKGROUND

In 2013, a grand jury indicted Grant, individually, with: (1) aiding and abetting the robbery of a Dollar General employee by threatened force, violence, and fear of injury, in violation of 18 U.S.C. §§ 2 and 1951 (count one); and (2) aiding and abetting the knowing use and carrying of a firearm during the Dollar General bank robbery, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii) (count two).  The grand jury also indicted Grant and his codefendant, Throne Smiley, with: (1) aiding and abetting the robbery of a Hobo Pantry employee by threatened force, violence, and fear of injury, in violation of 18 U.S.C. §§ 2 and 1951 (count three); and (2) aiding and abetting the knowing use and carrying of a firearm during the Hobo Pantry bank robbery, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii) (count four).

Pursuant to a plea agreement, Grant pled guilty to two counts of Hobbs Act robbery (counts one and three) and one count of discharging a firearm in furtherance of a crime of violence (count three).  Grant's plea agreement contained an appeal waiver waiving his right to appeal his sentence or collaterally attack his conviction and sentence in any post-conviction proceeding, except for post-conviction ineffective assistance of counsel or prosecutorial misconduct claims. During Grant's change of plea hearing before a magistrate judge, he testified to the following.  He was pleading guilty to counts one, two, and three, and he

2

understood that count two was a consecutive sentence.  He understood that his plea agreement contained a collateral attack waiver except for in the instance of an ineffective assistance or prosecutorial misconduct claim.

According to the factual basis for the plea, in April 2013, Grant and Smiley, who was carrying a gun, entered a Dollar General.  Smiley fired the gun as he entered the store and used the gun to strike a Dollar General employee.  Grant and Smiley then robbed the Dollar General employee and took U.S. currency that had traveled in interstate commerce.  In May 2013, Grant and Smiley, who was again carrying a gun, entered a Hobo Pantry.  Smiley fired the gun as he entered the store and used the gun to strike a Hobo Pantry employee.  Grant and Smiley then robbed the Hobo Pantry employee and took U.S. currency that had traveled in interstate commerce.

Grant admitted that he robbed those stores "knowingly and willfully."  Grant pled guilty and did not make any objections during his change of plea hearing.

The district court sentenced Grant to 240 months of imprisonment.  That sentence consisted of two concurrent 120-month sentences on counts one and three, and one consecutive 120-month sentence on count two.  The district court entered judgment and Grant did not appeal.

In 2016, Grant filed a counseled 28 U.S.C. § 2255 motion to vacate his § 924(c) conviction.  Grant argued that the Supreme Court's holding in *Johnson v.*

3

*United States*, 135 S. Ct. 2551 (2015), which invalidated for vagueness the residual clause of the Armed Career Criminal Act's definition of "violent felony," also rendered unconstitutional the residual clause of § 924(c)(3)(B)'s definition of a "crime of violence" because its language was nearly identical.  He contended that his conviction for aiding and abetting Hobbs Act robbery could have qualified as a crime of violence under only the residual clause and, because *Johnson* rendered that clause unconstitutional, no predicate offense remained to support his § 924(c) conviction for carrying a firearm in connection with a crime of violence.

The government responded to Grant's motion, first arguing that Grant's motion was time-barred as he did not file his motion within one year of his conviction and the Supreme Court's decision in *Johnson* did not create a new constitutional right that was previously unavailable.  Next, the government argued that Grant's motion was procedurally barred because he did not raise the crime-of-violence issue in the district court and did not seek appellate review.  Finally, the government argued that Grant's motion failed on the merits because aiding and abetting Hobbs Act robbery is a crime of violence under this Court's precedent.

A magistrate judge then issued a report and recommendation ("R&R") recommending that the district court deny Grant's motion.  The magistrate judge noted that *Johnson* potentially invalidated § 924(c)(3)(B)'s residual clause; however, the judge found that, under our precedent, aiding and abetting Hobbs Act

4

robbery qualified as a crime of violence under § 924(c)(3)(A)'s elements clause and Grant's § 924(c) conviction was therefore still valid following *Johnson*.

Grant objected to the R&R, arguing that the magistrate judge erred in concluding that his aiding and abetting Hobbs Act robbery conviction was a crime of violence in light of *Johnson*. Grant argued that the magistrate judge erred by relying on our precedent decided in the context of applications for leave to file a second or successive § 2255 motion. Grant argued that 18 U.S.C. § 1951 was overbroad because it could be violated by a defendant who took property without threatening violent force capable of causing injury. Following the Supreme Court's decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019), Grant filed a supplement to his objections arguing that *Stokeling* did not foreclose his motion because § 924(c) does not specifically discuss robbery and Hobbs Act robbery does not necessarily require the use of force.

The district court overruled those objections, adopted the R&R, and denied Grant's § 2255 motion. Grant timely filed a notice of appeal and a motion for a certificate of appealability ("COA"). The district court granted that motion and issued a COA as to whether Grant's § 924(c) conviction is unconstitutional in light of *Johnson* and *United States v. Davis*, 139 S. Ct. 2319 (2019). Grant contends that his § 924(c) conviction must be vacated because the predicate offense for

5

which he was also convicted, aiding and abetting Hobbs Act robbery, is not a "crime of violence" under § 924(c)(3).

## II. DISCUSSION

When reviewing a district court's denial of a 28 U.S.C. § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).

Section 924(c) of Title 18 of the United States Code criminalizes the use or carrying of a firearm in furtherance of a crime of violence or drug trafficking crime. "Crime of violence" is defined as a felony offense that either

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Recently, in *Davis*, the Supreme Court held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. *Davis*, 139 S. Ct. at 2323, 2336. And we recently held that *Davis* announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *In re Hammoud*, 931 F.3d 1032, 1035, 1039 (11th Cir. 2019) (quoting 28 U.S.C. § 2255(h)(2)).

Section 1951 of Title 18 of the United States Code criminalizes the actions taken by any person who: "obstructs, delays, or affects commerce . . . by robbery . . . or commits or threatens physical violence to any person or property in furtherance of a [robbery]."  18 U.S.C. § 1951(a).  Section 2 of Title 18 of the United States Code states that anyone who "aids" or "abets" an "offense against the United States . . . is punishable as a principal."  18 U.S.C. § 2(a).  Because aiding and abetting "is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal," we have held that aiding and abetting Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause.  *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (quoting *United States v. Sosa*, 777 F.3d 1279, 1292 (11th Cir. 2015)).  We stated that nothing in the text of § 924(c)(1) indicated that Congress intended for the statute to only apply to principals, and not to aiders and abettors.  *Id.*  Thus, we held that "an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a principal Hobbs Act robbery."  *Id.*

*In re Colon* was decided in the context of an application to file a successive § 2255 motion.  *See id.*  However, we have held that "law established in published three-judge orders issued pursuant to 28 U.S.C. § 2244(b) in the context of applications for leave to file second or successive § 2255 motions is binding precedent on <u>all</u> subsequent panels of this Court."  *United States v. St. Hubert*, 909

F.3d 335, 346 (11th Cir. 2018), *abrogated in part on other grounds by Davis*, 139 S. Ct. at 2324, 2336.

Grant has not shown that he is entitled to relief under *Davis*. Because aiding and abetting § 1951(a) Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)'s elements clause, *In re Colon*, 826 F.3d at 1305, Grant's argument is foreclosed by our binding precedent. That *In re Colon* was decided in the successive application context does not lessen the precedential value of that decision. *See St. Hubert*, 909 F.3d at 346.

Grant's arguments regarding the application of *Rosemond v. United States*, 572 U.S. 65, 134 S. Ct. 1240 (2014), and its purported conflict with *In re Colon* are likewise foreclosed by precedent. We decided *In re Colon* two years after the Supreme Court's decision in *Rosemond*, and *In re Colon* has not been overruled or undermined to the point of abrogation by a later decision of this Court sitting en banc or the Supreme Court. *Compare In re Colon*, 826 F.3d at 1305 (recognizing that an aider and abettor of an offense necessarily commits all the elements of the principal offense), *with Rosemond*, 572 U.S. at 73, 134 S. Ct. at 1246 (recognizing that a "defendant can be convicted as an aider and abettor without proof that he participated in each and every element of the offense"). Thus, under our prior panel precedent rule, *In re Colon* is binding in this case even if it was wrongly decided. *See Chambers v. Thompson*, 150 F.3d 1324, 1326 (11th Cir. 1998)

8

(stating that we are bound by a prior panel's holding "except where that holding has been overruled or undermined to the point of abrogation by a subsequent en banc or Supreme Court decision").  Furthermore, in 2019, we applied *In re Colon* in a published opinion and held that aiding and abetting a carjacking was a crime of violence under § 924(c)'s elements clause.  *See Steiner v. United States*, 940 F.3d 1282, 1294 (11th Cir. 2019) (applying *In re Colon* and *St. Hubert* and also discussing *Rosemond* at length).  Accordingly, we affirm the district court's denial of Grant's § 2255 motion.

   **AFFIRMED.**