[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14749
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-00514-MHT-CSC; 1:13-cr-00107-MHT-CSC-2

THRONE THOMAS SMILEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 10, 2020)

Before JILL PRYOR, BRANCH and MARCUS, Circuit Judges.

PER CURIAM:

Throne Smiley, a federal prisoner, appeals from the district court's denial of

his 28 U.S.C. § 2255 motion to vacate.  He argues that, in light of Johnson v. United

States, 135 S. Ct. 2551 (2015), and United States v. Davis, 139 S. Ct. 2319 (2019),

his 18 U.S.C. § 924(c) conviction is unconstitutional because his underlying offense, aiding and abetting attempted Hobbs Act robbery, no longer qualifies as a valid predicate offense under § 924(c)'s elements clause.  After careful review, we affirm.

In a § 2255 proceeding, we review the district court's factual findings for clear error and the legal issues de novo.  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).  Under our prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting en banc."  In re Lambrix, 776 F.3d 789, 794 (11th Cir. 2015) (quotations omitted).  The prior precedent rule applies and binds a subsequent panel to its decision even if existing Supreme Court precedent was overlooked or misinterpreted when the prior precedent was issued. United States v. Fritts, 841 F.3d 937, 942 (11th Cir. 2016). We've also held that the "law established in published three judge orders issued pursuant to 28 U.S.C. § 2244(b) in the context of applications for leave to file second or successive § 2255 motions is binding precedent on all subsequent panels of this Court." United States v. St. Hubert, 909 F.3d 335, 346 (11th Cir. 2018), cert. denied, 139 S. Ct. 1394 (2019), abrogated on other grounds by Davis, 139 S. Ct. at 2323.

Under § 924(c), anyone who uses a firearm during a "crime of violence" or "drug trafficking crime" shall receive an additional term of imprisonment, which

2

may not run concurrently with any other term of imprisonment. 18 U.S.C. § 924(c)(1). A "crime of violence" means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3). We refer to § 924(c)(3)(A) as the "elements clause," while § 924(c)(3)(B) is referred to as the "residual clause." Ovalles v. United States, 905 F.3d 1231, 1234 (11th Cir. 2018) (en banc), abrogated on other grounds by Davis, 139 S. Ct. at 2323. In 2015, the Supreme Court in Johnson held that the residual clause in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague, 135 S. Ct. at 2557-58, 2563, and in 2019, the Supreme Court in Davis likewise held that § 924(c)(3)(B), which has language similar to the ACCA's residual clause, was unconstitutionally vague. 139 S. Ct. at 2323.

To determine whether a predicate offense qualifies as a crime of violence under § 924(c)'s elements clause, we apply the categorical approach, in which we "presume that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts qualify as crimes of violence." St. Hubert, 909 F.3d at 348-49 (quotations omitted). In In re Fleur, we held that a conviction for Hobbs Act robbery has as an element the use, attempted use, or threatened use of physical force and, therefore, categorically qualifies as a

3

crime of violence under § 924(c)'s elements clause. 824 F.3d 1337, 1340 (11th Cir. 2016). Relying on this holding, in In re Colon, we held that, because an aider and abettor is responsible for the acts of the principal, aiding and abetting Hobbs Act robbery constitutes a crime of violence under § 924(c)'s elements clause. 826 F.3d 1301, 1305 (11th Cir. 2016). Similarly, in St. Hubert, we held that attempted Hobbs Act robbery also categorically qualifies as a crime of violence under § 924's elements clause. 909 F.3d at 351.

In Rosemond v. United States, the Supreme Court held that a defendant could aid or abet a § 924(c) crime by facilitating either the predicate offense or the use of the firearm. 572 U.S. 65, 67, 74 (2014). The Court determined that it was "inconsequential" that the defendant's acts did not satisfy each element of the § 924(c) offense, so long as he facilitated at least one component. Id. at 74-75.

Here, we are unpersuaded by Smiley's claim that aiding and abetting attempted Hobbs Act robbery no longer qualifies as a valid predicate offense under § 924(c)'s elements clause. For starters, Rosemond's holding -- which applies only to the aiding and abetting of a § 924(c) offense itself (be it a "crime of violence" or a "drug trafficking crime"), and does not address what constitutes a "crime of violence" for purposes of § 924(c)'s underlying offense -- does not abrogate St. Hubert, Fleur, or Colon. Indeed, the Supreme Court has never said that Hobbs Act robbery, aiding and abetting Hobbs Act robbery, or attempted Hobbs Act robbery

4

does not qualify as a crime of violence under § 924(c)'s elements clause, and has not otherwise overruled St. Hubert, Fleur, or Colon, nor undermined them to the point of abrogation. Lambrix, 776 F.3d at 794. Moreover, and in any event, we decided these cases years after the Supreme Court's decision in Rosemond, making clear that our decisions in St. Hubert, Fleur, and Colon remain binding on us. Fritts, 841 F.3d at 942. Thus, under the prior panel precedent rule, Hobbs Act robbery, aiding and abetting Hobbs Act robbery, and attempted Hobbs Act robbery all categorically qualify as crimes of violence under § 924(c)'s elements clause. St. Hubert, 909 F.3d at 348; Colon, 826 F.3d at 1305; Fleur, 824 F.3d at 1340; Lambrix, 776 F.3d at 794.

Further, based on these decisions, aiding and abetting attempted Hobbs Act robbery also categorically qualifies as a crime of violence under § 924(c)'s elements clause. As we explained in Colon, an aider and abettor is responsible for the acts of the principal, which means that Smiley is responsible for attempted Hobbs Act robbery. Colon, 826 F.3d at 1305. And, as we also held in Colon, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s elements clause. See id.; St. Hubert, 909 F.3d at 351. Thus, Smiley's conviction for aiding and abetting attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s elements clause, and his conviction and sentence under § 924(c) have not been affected by Johnson's or Davis's invalidation of § 924(c)'s residual clause. The district court did not err in denying Smiley's motion to vacate.

**AFFIRMED**.