NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3217
_____

UNITED STATES OF AMERICA

v.

TYREEK STYLES
a/k/a,
"Reek",
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-13-cr-00030-001)
District Judge: Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1
on November 10, 2021

Before: HARDIMAN, MATEY, and SCIRICA, *Circuit Judges.*

(Filed: January 4, 2022)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA**, *Circuit Judge*.

Tyreek Styles appeals his conviction and sentence for discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). We will affirm.

I.

Tyreek Styles, along with four other men, committed armed robbery of an Upper Darby residence.[1] At trial, the Government introduced evidence that Styles assisted in planning and assembling supplies needed for the robbery, including a firearm and stun gun; drove to the scene of the robbery, stood watch outside the residence while the robbery was committed, and beat one of the residents. During the commission of the robbery, one of the robbers discharged the firearm in the direction of one of the residents.

After a jury trial, Styles was convicted of conspiracy to commit robbery which interferes with interstate commerce, and robbery which interferes with interstate commerce, both in violation of 18 U.S.C. § 1951(a) (Hobbs Act).[2] Styles was also convicted of aiding and abetting the discharge of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), which carries a mandatory minimum consecutive sentence of 120 months. At his first sentencing hearing, the District Court sentenced Styles to 240 months' imprisonment. On Styles' first appeal, we affirmed the convictions but vacated the sentence and remanded for resentencing on the grounds that an obstruction enhancement was incorrectly applied to elevate Styles' guideline range on the robbery

---

[1] In Styles' first direct appeal, we set forth a more complete discussion of his involvement in the robbery. *See United States v. Styles*, 659 F. App'x 79, 81 (3d Cir. 2016).
[2] Styles' convictions were supported by the testimony of his co-conspirators.

counts. *United States v. Styles*, 659 F. App'x 79, 85 (3d Cir. 2016). At a resentencing proceeding, the sentencing judge reduced Styles' original sentence from 240 months to 180 months.

In this present appeal, Styles initially argued his § 924(c) conviction was invalid because Hobbs Act robbery does not qualify as a § 924(c) predicate crime of violence. He also argued that even if Hobbs Act robbery is a crime of violence, aiding and abetting Hobbs Act robbery is not a crime of violence, and he was only convicted under a theory of aiding and abetting.[3] In responding to the Government's motion for summary affirmance,[4] Styles acknowledged that our decision in *United States v. Walker*, 990 F.3d 316, 330 (3d Cir. 2021), resolved against him the claim that substantive Hobbs Act robbery is not a crime of violence. Nonetheless, Styles reiterated his argument—one that he never made in the District Court—that aiding and abetting Hobbs Act robbery does not qualify as a § 924(c) predicate crime of violence because one can aid and abet Hobbs Act robbery without the use of physical force.

## II.[5]

Styles presses an argument on appeal—that aiding and abetting Hobbs Act robbery is not a "crime of violence" under § 924(c)—he never made in District Court. Because Styles failed to make this argument below, he forfeited any argument about aiding and

---

[3] There is some doubt as to whether, as a factual matter, Styles' conviction for Hobbs Act robbery was under a theory of aiding and abetting. Nonetheless, we need not decide this issue because his legal argument on appeal fails.

[4] We denied the Government's motion for summary affirmance.

[5] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

abetting liability. *See United States v. Joseph*, 730 F.3d 336, 341 (3d Cir. 2013) (preserving an argument requires "a party [to] make the same argument in the District Court that he makes on appeal"). But even if Styles had not forfeited his argument, we conclude that aiding and abetting Hobbs Act robbery is a predicate crime of violence under § 924(c).

Section 924(c) requires a mandatory consecutive sentence of 120 months for any person who discharges a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). A crime of violence is any offense that meets the definition of the statute's elements clause.[6] *Id.* § 924(c)(3)(A); *Walker*, 990 F.3d at 324. The elements clause defines a crime of violence as "an offense that is a felony and -- has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

When applying the elements clause, we use the categorical approach, in which we ask, "whether the minimum conduct punishable [under the offense] qualifies as a crime of violence." *Walker*, 990 F.3d at 324. In other words, an offense qualifies as a crime of violence if it always contains an element of "the use, attempted use, or threatened use of physical force against the person or property of another" as required by the elements clause of § 924(c)(3)(A). We have already held that Hobbs Act robbery itself is categorically a crime of violence because Hobbs Act robbery requires an element of physical force. *Id.* at

---

[6] Although § 924(c)(3)(B) also contains a "residual clause," which defines a crime of violence as "an offense that is a felony and -- that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," in *United States v. Davis*, the Supreme Court invalidated the residual clause as unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019).

325. It follows, therefore, that aiding and abetting Hobbs Act robbery qualifies as a 924(c) predicate crime of violence because it too requires an element of physical force.

To establish aiding and abetting liability under 18 U.S.C § 2, the government must prove "(1) that the substantive crime has been committed; and (2) that the defendant charged with aiding and abetting knew of the commission of the substantive offense and acted with intent to facilitate it." *United States v. Petersen*, 622 F.3d 196, 208 (3d Cir. 2010) (citation omitted). Because aiding and abetting liability requires the government to prove the substantive offense was committed, the government needs to prove every element of the substantive offense. Accordingly, aiding and abetting liability includes all the same elements of the underlying substantive offense. If an element of physical force is required for a conviction under the substantive offense, the same element of physical force is required for a conviction under a theory of aiding and abetting.

Consistent with this conclusion, several of our sister circuits have specifically held that aiding and abetting a crime of violence is itself a crime of violence under the elements clause of § 924(c)(3)(A). *See, e.g., United States v. García-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. McCoy*, 995 F.3d 32, 57–58 (2d Cir. 2021); *United States v. Ali*, 991 F.3d 561, 573–74 (4th Cir. 2021); *Untied States v. Richardson*, 948 F.3d 733, 741–42 (6th Cir. 2020); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016); *cf. United States v. Deiter*, 890 F.3d 1203, 1214–16 (10th Cir. 2018) (holding that aiding and abetting federal bank robbery is a "violent felony" under the elements clause of the Armed Career Criminals Act). As the Fourth Circuit explained, "aiding and abetting a crime has the exact same elements as the principal offense." *Ali*, 991 F.3d at 574.

In this case, Styles' conviction for aiding and abetting Hobbs Act robbery qualifies as a crime of violence under the elements clause of § 924(c)(3)(A). Because Hobbs Act robbery requires an element of physical force, aiding and abetting Hobbs Act robbery necessarily requires an element of physical force as well. And just as Hobbs Act robbery is a valid predicate crime of violence, so too aiding and abetting Hobbs Act robbery is a valid predicate crime of violence.

## III.

Because we find aiding and abetting Hobbs Act robbery is a valid predicate crime of violence, and Styles forfeited any argument to the contrary, we will affirm Styles' judgment of conviction and sentence.